UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DANNY E. ROGERS,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL KEYS et al.,<br><br>    Defendants. | Case No. 3:23-cv-00471<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

    This civil rights action brought under 42 U.S.C. § 1983 arises out of pro se Plaintiff Danny E. Rogers's incarceration at the Tennessee Department of Correction (TDOC) Riverbend Maximum Security Institution (RMSI) in Nashville, Tennessee. (Doc. No. 36.) Rogers's amended complaint asserts First Amendment retaliation claims against Defendants Corrections Officer James Gary, Associate Warden of Treatment Michael Keys, Grievance Board Chairperson Brandi McClure, and Corporal Shanrekia Ward. (*Id.*) The defendants have filed a renewed motion to dismiss or for summary judgment. (Doc. No. 62.)

    This Order addresses Rogers's motion for an order compelling the defendants to respond to several requests for discovery. (Doc. No. 60.) Because much of the discovery Rogers seeks is directly relevant to the Court's resolution of the pending motion to dismiss or for summary judgment, and for the reasons explained below, the Court will construe Rogers's motion to compel as a motion for relief under Federal Rule of Civil Procedure 56(d) and, so construed, grant the motion.

## I. Relevant Background

In screening Rogers's original complaint (Doc. No. 1), the Court found that Rogers stated colorable First Amendment retaliation claims against Keys, McClure, and Ward for refusing to process Rogers's grievances and against Gary for searching Rogers's cell in retaliation for Rogers's complaints about racial discrimination. (Doc. No. 5.) Rogers's amended complaint alleges that Keys, McClure, and Ward retaliated against him for complaining about racial discrimination by refusing to process his grievances and that, when Rogers amended a grievance to include information about their refusals, Keys, McClure, and Ward refused to process the amended grievance. (Doc. No. 36.)

The Court set out the procedural history of the defendants' dispositive motions and the parties' exchange of limited discovery in a prior order:

> On August 29, 2024, Gary, Keys, and Ward filed a motion to dismiss Rogers's claims against them or, in the alternative, for summary judgment. (Doc. No. 40.) In support of their motion, Gary, Keys, and Ward filed a memorandum of law (Doc. No. 41), a statement of undisputed material facts (Doc. No. 42), and a declaration by Ward with attached exhibits (Doc. No. 42-1). Gary, Keys, and Ward argue[d] that Rogers failed to exhaust his administrative remedies before initiating this action, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), and that Rogers's claims also fail on the merits. (Doc. No. 41.) About two weeks after moving for dismissal or summary judgment, Gary, Keys, and Ward filed a motion to stay discovery pending resolution of their motion to dismiss or for summary judgment. (Doc. No. 43.)
>
> On October 21, 2024, the Court found that Rogers had not filed a response in opposition to Gary, Keys, and Ward's motion to dismiss or for summary judgment within the time provided by this Court's Local Rules and the Federal Rules of Civil Procedure. (Doc. No. 46.) The Court therefore ordered Rogers to show cause by November 18, 2024, why the Court should grant Rogers leave to file an untimely response to Gary, Keys, and Ward's motion and why the Magistrate Judge should not recommend that the Court dismiss Rogers's claims under Federal Rule of Civil Procedure 41(b) for Rogers's failure to prosecute. (*Id.*)
>
> Rogers, who remains incarcerated and appears *in forma pauperis*, filed a response to the Court's show-cause order on November 15, 2024. (Doc. No. 48.) Rogers state[d] that he ha[d] not received responses to his interrogatories and requests for production of documents from Gary or McClure and that he [could not]

respond to Gary, Keys, and Ward's motion to dismiss or for summary judgment until he receive[d] Gary's and McClure's responses to his discovery requests. (*Id.*)

On December 6, 2024, the defendants filed a notice stating that Gary never received discovery requests from Rogers and arguing that the requests Rogers sent to McClure were untimely. (Doc. No. 50.) Nevertheless, the defendants state[d] that their counsel spoke with Rogers by phone "to confer about outstanding discovery requests" and that the parties reached an agreement whereby Rogers would "send [ ] counsel the discovery requests for [ ] Gary that he alleged were sent earlier" and counsel would send Rogers Gary's and McClure's discovery responses "no later than January 15, 2024." (*Id.* at PageID# 522.)

On December 13, 2024, McClure filed a motion to dismiss or, in the alternative, for summary judgment on Rogers's claims against her. (Doc. No. 52.) McClure supported her motion with a memorandum of law (Doc. No. 53), a statement of undisputed material facts (Doc. No. 54), and Ward's declaration and exhibits (Doc. Nos. 55, 55-1–55-4). Similarly to Gary, Keys, and Ward, McClure argue[d] that Rogers failed to administratively exhaust his claims against her as required by the PLRA and that Rogers's claims also fail on the merits. (Doc. No. 53.)

On February 24, 2024, the defendants filed a notice stating that their responses to Rogers's interrogatories were delivered to Rogers by mail on February 11, 2025. (Doc. No. 56.) The defendants ask[ed] that "the Court impose a deadline for [Rogers] to respond to" the defendants' motions to dismiss or for summary judgment. (*Id.* at PageID# 601.) On the same day they filed their notice, the defendants filed a motion stating that Rogers has sent them additional requests for production and admissions and asking the Court to either extend their deadline to respond to these "newly served written discovery requests until 30 days after" resolution of the pending motions to dismiss or for summary judgment or, in the alternative, for "a ruling on their pending Motion to Stay Discovery[.]" (Doc. No. 57, PageID# 604.)

(Doc. No. 58, PageID# 606–08 (footnote omitted).) In support of their request for a discovery extension or stay, the defendants represented that "none of [Rogers's] previous or new requests sought any information to refute allegations of a failure to exhaust." (Doc. No. 57, PageID# 604.)

On March 6, 2025, the Court entered an order finding that:

> Given the staggered nature of the defendants' appearances, motions to dismiss or for summary judgment, and discovery filings and production, . . . the most efficient path forward in this action is to administratively terminate the pending motions to dismiss or for summary judgment (Doc. Nos. 40, 52) without prejudice to refiling to reflect the current circumstances and procedural posture of this case.

3

> As for the motion to stay discovery and motion for an extension of time to complete discovery, the Court has not yet entered a scheduling order, discovery has not formally commenced, and no litigation deadlines or target trial date have been set. The Court will enter a scheduling order after resolving preliminary motions regarding Rogers's amended complaint. Recognizing the procedural posture of the case and the informal discovery production that has already taken place, the Court will grant the motion to stay discovery (Doc. No. 43) until the Court enters a scheduling order or otherwise initiates discovery. Rogers may follow the provisions of Federal Rule of Civil Procedure 56(d) if he finds it appropriate to do so.

(Doc. No. 58, PageID# 608–09.)

The Court directed the Clerk of Court to administratively terminate Gary, Keys, and Ward's and McClure's motions to dismiss or for summary judgment. (Doc. No. 58.) The Court also granted Gary, Keys, and Ward's motion to stay discovery and Gary, Keys, Ward, and McClure's motion for an extension of time to complete discovery, ordering "that Gary, Keys[,] Ward, and McClure are not required to respond to Rogers's pending discovery requests until a case management order is entered or until they are otherwise directed to do so by the Court." (*Id.* at PageID# 609.) The Court ordered the defendants "to file an amended dispositive motion or otherwise respond to Rogers's amended complaint" by April 7, 2025. (*Id.*)

On April 3, 2025, the Court received Rogers's motion to compel discovery. (Doc. No. 60.) Rogers states that he never received the discovery responses from Gary and McClure that the defendants said were delivered on February 11, 2025. (*Id.*) Rogers states that, on that date, legal mail addressed to him was "delivered by certified mail to the mail room staff" at the West Tennessee State Penitentiary where Rogers is now incarcerated. (*Id.* at PageID# 616.) He states that, two days later, "SGT. Ms. Street" brought the legal mail to him and had him sign "the certificate of service card[.]" (*Id.*) Rogers noticed that the "envelope [was] already signed by a prison official . . . with the [delivery] date of February 11th, 2025," and he asked Street "who had pre-signed/dated the legal mail two days before she [brought] it to [Rogers][.]" (*Id.*) Street replied that "she ha[d] no idea" and "supposedly went to find out . . . who was the [corrections officer]

who signed" for Rogers's mail, taking Rogers's "legal mail back with her." (*Id.* at PageID# 616, 617.) Rogers asks the Court for an order compelling the defendants to respond to his first set of interrogatories to Gary, his interrogatories and requests for production to McClure, his requests for admissions to Ward, and his second request for production of documents addressed to all the defendants. (Doc. No. 60.) Rogers attached a sworn declaration to his motion (Doc. No. 60-1) and copies of his interrogatories and requests for production of documents addressed to McClure (Doc. No. 60-2), his requests for admissions addressed to Ward (Doc. No. 60-3), and his second request for production of documents (Doc. No. 60-4). Rogers's interrogatories and requests for admissions primarily address the defendants' handling of grievances at RMSI. (Doc. Nos. 60-2, 60-3.) His requests for production seek: (1) TDOC emails sent and received by the defendants while on duty at RMSI between March 31, 2022, and September 30, 2024; (2) copies of the training manuals, certificates of completion, tests, and test scores that McClure and Ward received during their grievance board training course; and (3) a copy of Gary's TDOC employee disciplinary incident history. (Doc. No. 60-4.)

On April 4, 2025, Gary, Keys, McClure, and Ward filed a renewed motion to dismiss Rogers's claims or, in the alternative, for summary judgment (Doc. No. 62) supported by a memorandum of law (Doc. No. 63), a statement of undisputed material facts (Doc. No. 64), and Ward's declaration and exhibits (Doc. Nos. 65, 65-1–65-4). The defendants again argue that Rogers failed to administratively exhaust his claims as required by the PLRA and that Rogers has not adequately alleged, and cannot prove, that the defendants retaliated against him in violation of the First Amendment.[1] (Doc. No. 63.) The defendants did not address Rogers's motion to compel.

---

[1] The defendants raise their exhaustion arguments under Federal Rule of Civil Procedure 12(b)(1), which governs dismissal for lack of subject-matter jurisdiction. (Doc. No. 63.) But it is well established that the PLRA's "exhaustion requirement is . . . not jurisdictional."

5

On April 18, 2025, the Court ordered the defendants to file a response to Rogers's motion to compel "that includes a statement of the status of their responses to the identified discovery requests." (Doc. No. 66.) Defendants filed a response stating that, "[a]round the same time of [Rogers's] filing, Defendants' counsel received returned mail that contained the initial responses that were sent to [Rogers]." (Doc. No. 67, PageID# 744.) The defendants state that "[t]he mail appeared to have been signed for by [Rogers], but was returned to sender[.]" (*Id.* at PageID# 744–45.) The defendants further state that their "counsel sent a letter to [Rogers] informing him of the returned mail and attached all of the mail that was returned so that [Rogers] would have a copy." (*Id.* at PageID# 745.) The defendants state that this second mailing was delivered on April 7, 2025, and attach United States Postal Service tracking information showing that an item was delivered to a P.O. box in Ripley, Tennessee, on that date. (Doc. No. 67-3.) The defendants do not directly address Rogers's other discovery requests, except to note that "[t]his [C]ourt granted [the] [d]efendants' motion to stay discovery until the Court formally initiated discovery." (*Id.* at PageID# 744.) Rogers did not file an optional reply in support of his motion to compel.

**II.      Legal Standard**

Where, as here, a motion for summary judgment is pending, Rule 56(d) provides that the Court may "(1) defer considering the motion or deny it; (2) allow time to . . . take discovery; or (3) issue any other appropriate order" if the nonmoving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition . . . ." Fed. R. Civ. P. 56(d). The affidavit or declaration must generally "indicate to the district court [the

---

*Richards v. Perttu*, 96 F.4th 911, 917 (6th Cir. 2024) (citing *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015)). "[R]ather, exhaustion is an affirmative defense that must be pleaded and proved by the defendants." *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017). Courts therefore address exhaustion arguments in the context of Rule 12(b)(6) motions to dismiss for failure to state claims on which relief can be granted or Rule 56 motions for summary judgment. *See id.*

nonmoving party's] need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Unan v. Lyon*, 853 F.3d 279, 292–93 (6th Cir. 2017) (quoting *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000)). However, the Sixth Circuit has held that "a formal affidavit may not be required 'when a party has clearly explained its need for more discovery on a particular topic to the district court prior to or contemporaneously with the motion for summary judgment.'" *Id.* at 293 (quoting *United States v. Rohner*, 634 F. App'x 495, 504 (6th Cir. 2015)).

### III. Analysis

The defendants' primary argument in support of dismissal or summary judgment is that Rogers failed to exhaust his administrative remedies before filing this action. (Doc. No. 63.)

The PLRA requires plaintiffs to exhaust all available administrative remedies, including prison grievance procedures, before filing an action addressing the conditions of their confinement. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Himmelreich v. Fed. Bureau of Prisons*, 766 F.3d 576, 577 (6th Cir. 2014), *aff'd sub nom. Simmons v. Himmelreich*, 578 U.S. 621 (2016). The purpose of this exhaustion requirement is to "afford[ ] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter*, 534 U.S. at 525; *see also Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) ("The point of the PLRA exhaustion requirement is to allow prison officials 'a fair opportunity' to address grievances on the merits, to correct prison errors that can and should be corrected and to create an administrative record for those disputes that eventually end up in court." (quoting *Woodford v. Ngo*, 548 U.S. 81, 94–95 (2006))). "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules'—rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (quoting *Woodford*, 548 U.S. at 88); *see also*

*Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017) ("A prisoner exhausts his remedies when he complies with the grievance procedures put forward by his correctional institution."). "[S]o long as the prison system has an administrative process that will review a prisoner's complaint . . . the prisoner must exhaust his prison remedies." *Owens v. Keeling*, 461 F.3d 763, 769 (6th Cir. 2006) (alteration in original) (quoting *Wyatt v. Leonard*, 193 F.3d 876, 878 (6th Cir. 1999)).

"[T]he PLRA's exhaustion requirement is a strict rule, but there are a few exceptions." *Does 8–10 v. Snyder*, 945 F.3d 951, 962 (6th Cir. 2019). The PLRA conditions the exhaustion requirement "'on the "availab[ility]" of administrative remedies: An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones.'" *Id.* (alteration in original) (quoting *Ross v. Blake*, 578 U.S. 632, 642 (2016)). An administrative remedy is available if it is "'capable of use' to obtain 'some relief for the action complained of.'" *Ross*, 578 U.S. at 642 (quoting *Booth v. Churner*, 532 U.S. 731, 738 (2001)). An administrative remedy is unavailable when: (1) "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates[;]" (2) "an administrative scheme . . . [is] so opaque that it becomes, practically speaking, incapable of use[;]" or (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 643–44. The Sixth Circuit requires an incarcerated person to make "'some affirmative efforts to comply with the administrative procedures before analyzing whether the facility rendered these remedies unavailable.'" *Napier v. Laurel Cnty.*, 636 F.3d 218, 223 (6th Cir. 2011) (quoting *Braswell v. Corr. Corp. of Am.*, No. 3:08-0691, 2009 WL 2447614, at *7 (M.D. Tenn. Aug. 10, 2009), *rev'd on other grounds*, 419 F. App'x 622 (6th Cir. 2011)). If the record shows some effort, courts will assess "whether an inmate's efforts to exhaust were sufficient under the circumstances[.]" *Id.* at 224.

Contrary to the defendants' prior assertions, the discovery Rogers seeks is directly relevant to the exhaustion arguments raised in the defendants' pending motion to dismiss or for summary judgment. For example, Rogers's interrogatories to McClure inquire about her handling of his grievances, whether she has ever refused to process or discarded his or other incarcerated persons' grievances, and her training regarding applicable grievance procedures. (Doc. No. 60-2.) Rogers's requests for admissions to Ward address Ward's and Keys's handling of Rogers's grievances and their compliance with grievance procedures. (Doc. No. 60-3.) Whether Keys, McClure, Ward, or other prison officials impeded Rogers's attempts to file grievances is directly relevant to determining whether RMSI's grievance process was available to Rogers for purposes of PLRA exhaustion. *See Ross*, 578 U.S. at 644; *see also Moore v. Erickson*, Case No. 2:20-cv-00219, 2021 WL 6497897, at *4, *5 (W.D. Mich. Dec. 16, 2021) (finding genuine issue of fact "regarding whether [plaintiff] had access to the grievance system" where plaintiff alleged "that the grievance coordinator refused to process his grievances because of his history of filing lawsuits"); *Glover v. Rivas*, Case No. 2:19-CV-13406, 2025 WL 975396, at *10 (E.D. Mich. Mar. 31, 2025) (finding that "'an improper [grievance] rejection would constitute exhaustion'" (quoting *Bailey v. Mich. Dep't of Corr.*, Case No. 19-13442, 2020 WL 4934314, at *5 (E.D. Mich. Aug. 24, 2020)); *Richards v. Perttu*, Case No. 2:20-cv-76, 2021 WL 4553507, at *1 (W.D. Mich. Oct. 5, 2021) (finding that assertions "that prison staff destroyed Plaintiffs' grievances, potentially rendering the grievance process unavailable" created "a genuine dispute of fact regarding exhaustion").

Given the procedural posture of this case and the relief that Rogers seeks, Rogers's motion to compel is appropriately construed as a motion under Rule 56(d). *See* Mem. Order at 5, *Payne v. Genovese*, Case No. 3:17-cv-01410 (M.D. Tenn. Apr. 23, 2019), ECF No. 103 (construing plaintiff's motion to compel as Rule 56(d) motion where plaintiff sought documents "related to his

9

Case 3:23-cv-00471   Document 68   Filed 05/27/25   Page 9 of 11 PageID #: 763

grievances [and] vital to his defense against" exhaustion arguments in "defendants' motion for partial summary judgment"); *Hussain v. Burton & Doyle of Great Neck, LLC*, No. 14-CV-5924, 2016 WL 6088309, at *2 (E.D.N.Y. Oct. 18, 2016) (considering motion to compel under Rule 56(d) where plaintiff filed the motion after and in opposition to a motion for summary judgment). Construing Rogers's pro se filings liberally, as it must, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1967)), the Court finds that the requirements of Rule 56(d) are met here. As set out above, Rogers's filings related to this discovery, including Rogers's declaration, show that Rogers requests the subject information to respond to the exhaustion arguments raised in the defendants' motion to dismiss or for summary judgment.

The Court stayed the defendants' deadline to respond to Rogers's discovery requests based on the defendants' representations that "none of [Rogers's] previous or new requests sought any information to refute allegations of a failure to exhaust." (Doc. No. 57, PageID# 604.) Now having had the opportunity to review Rogers's discovery requests, the Court disagrees and, thus, will terminate its stay of the defendants' deadline to respond to the subject discovery requests. Rogers's motion for discovery will therefore be granted in part.

**IV.     Conclusion**

For these reasons, Rogers's motion to compel (Doc. No. 60) is CONSTRUED as a motion for relief under Federal Rule of Civil Procedure 56(d) and, so construed, Rogers's motion (Doc. No. 60) is GRANTED IN PART AND DENIED IN PART.

The stay of defendants' obligation to respond to Rogers's discovery requests is LIFTED. The defendants are hereby ORDERED to respond to Rogers's interrogatories (Doc. No. 60-2) and requests for admissions (Doc. No. 60-3) by June 24, 2025. The defendants are further ORDERED to produce to Rogers by June 24, 2025: (1) any emails that the defendants sent or received that

specifically address Rogers's grievances; and (2) any policies or training materials regarding grievances that address racial discrimination or Title VI complaints or regarding the refusal to process grievances. Rogers's request for an order compelling the defendants to produce other documents identified in his requests for production (Doc. No. 60-4) is denied.

The defendants are ORDERED to notify the Court when they have served the discovery responses on Rogers.

Rogers's deadline to respond in opposition to the defendants' motion to dismiss or for summary judgment is EXTENDED until twenty-eight days after service of the defendants' discovery responses.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge